IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JUAN SANDERS,

        Plaintiff,

v.                                    Civil Action No. 1:16CV78
                                                      (STAMP)
BANK OF AMERICA,
NCO FIN/99,
ASSET ACCEPTANCE LLC,
COMENITY BANK/EXPRESS
TRANS UNION LLC
and EXPERIAN,

        Defendants.


                **MEMORANDUM OPINION AND ORDER**
                **GRANTING MOTIONS TO DISMISS AS TO**
              **DEFENDANTS EXPERIAN AND BANK OF AMERICA**

                         I.   Background

     The pro se plaintiff, Juan Sanders, filed this civil action against Experian, Trans Union LLC, Bank of America, NCO Fin/99, Asset Acceptance LLC, and Comenity Bank/Express in the Circuit Court of Preston County, West Virginia, on April 8, 2016. On May 4, 2016, Trans Union filed a notice of removal, which the other defendants consented to and joined in. The case was removed to this Court.

     The plaintiff alleges that Experian and Trans Union reported inaccurate information on the plaintiff's consumer reports. Specifically, the plaintiff alleges that Experian and Trans Union reported late payments and debts on his accounts with Bank of America, NCO/Fin99, Comenity Bank/Express, and Taleris Credit Union

for which he is not responsible.  The plaintiff alleges that he disputed the accuracy of these accounts with Experian and Trans Union and that both entities informed him that each banking institution, including Bank of America, confirmed the accuracy of the reported account information.

The plaintiff alleges that, as a result of the inaccurate reports, his credit rating has been negatively affected and he was prevented from co-signing on his son's loans.  He also alleges that the inaccurate reports have caused him to suffer financial damage, damage to his credit reputation, and emotional and mental distress.  He demands a declaration that his allegations breach a contract, a permanent injunction preventing the defendants from reporting the disputed accounts as his, $10,000.00 in compensatory damages, and $50,000.00 in punitive damages.

Against both Experian and Bank of America, the plaintiff brings claims under the Fair Credit Reporting Act ("FCRA"), the West Virginia Consumer Credit and Protection Act ("WVCCPA"), and West Virginia defamation law.  He also appears to allege a breach of contract claim, although he does not state this as a cause of action.  The plaintiff's claims against Asset Acceptance and Trans Union were dismissed with prejudice on July 25, 2016, and August 4, 2016, respectively.

Experian moves to dismiss the complaint in its entirety as to Experian.  Experian argues that, even if taken as true, the

plaintiff's factual allegations against Experian are insufficient to state any of the claims for relief asserted against Experian. Bank of America also moves to dismiss the complaint in its entirety as to Bank of America. Like Experian, Bank of America argues that, even if taken as true, the plaintiff's factual allegations against Bank of America are insufficient to state any of the claims for relief asserted against Bank of America.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright

3

& Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

This Court must liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 2007). While the plaintiff's allegations

4

are assumed to be true, Erickson, 551 U.S. at 93, this Court may not ignore a clear failure in the pleading to allege facts that set forth a claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990). This Court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, id., or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

A. Experian's Motion to Dismiss

1. FCRA Claims

In its motion to dismiss, Experian first asserts that there is no claim under 15 U.S.C. § 1681s-2 because that section of the FCRA does not provide a private cause of action. Further, Experian argues that the section applies only to furnishers of information to consumer reporting agencies ("CRAs"), not CRAs themselves. Experian concludes that the plaintiff has no claim under this section because Experian is a CRA, not a furnisher of information to CRAs.

Experian next asserts that the two possible FCRA causes of action against CRAs are a "reasonable procedures" claim under 15 U.S.C. § 1681e(b) and a "reasonable reinvestigaton" claim under 15 U.S.C. § 1681i. Experian argues that the § 1681e(b) claim fails

5

because the plaintiff did not allege that Experian failed to follow reasonable procedures to ensure the maximum possible accuracy of the information in the consumer report. Experian argues that the § 1681i claim fails because the plaintiff's allegations demonstrate compliance with that section of the FCRA.

The plaintiff responds to Experian's arguments with new facts that he did not allege in his complaint. To these new facts, Experian argues in reply that it is improper to consider newly alleged facts in a motion to dismiss.

As a preliminary matter, this Court cannot consider the plaintiff's new allegations, raised in his response for the first time, in ruling on Experian's motion to dismiss. See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) ("[A]s a general rule extrinsic evidence should not be considered at the [Rule] 12(b)(6) stage . . . ."). Thus, to the extent the plaintiff's response relies on allegations of a refinanced real estate mortgage account from Bank of America and other previously unasserted facts, this Court will not consider those arguments.

This Court agrees with Experian that § 1681s-2 does not provide a private cause of action. See Saunders v. Branch Banking & Tr. Co. of Va., 526 F.3d 142, 149 (4th Cir. 2008) ("FCRA explicitly bars private suits for violations of § 1681s-2(a). . . ."). This Court also agrees with Experian that § 1681s-2

does not apply to CRAs and that Experian is a CRA to which the section cannot apply. See Jolly v. Acad. Collection Serv., Inc., 400 F. Supp. 2d 851, 859 (M.D.N.C. 2005) (explaining that § 1681s-2 applies "to 'furnishers' of consumer information, not consumer reporting agencies"). Accordingly, the plaintiff has no claim under § 1681s-2.

A "reasonable procedures" claim under § 1681e(b) requires the plaintiff to allege "(i) that a particular 'consumer report contains inaccurate information' and (ii) that 'the reporting agency did not follow reasonable procedures to assure maximum possible accuracy.'" Hinton v. Trans Union, LLC, 654 F. Supp. 2d 440, 450 (E.D. Va. 2009) (quoting Dalton v. Capital Associated Indus., Inc., 257 F.3d 409, 415 (4th Cir. 2001)). Because the plaintiff did not state any facts alleging that Experian did not "accurately report what [it had] been told, and maintain a system reasonably designed to prevent repetitive or systematic error, [Experian is] in compliance with [§ 1681e(b)]." Smith v. Auto Mashers, Inc., 85 F. Supp. 2d 638, 641 (W.D. Va. 2000). The plaintiff alleges no facts giving rise to an inference that Experian had reason to doubt the information it received from Bank of America, NCO/Fin99, Comenity Bank/Express, or Taleris Credit Union. Further, the plaintiff does not allege that any inaccuracy was the result of Experian's reporting procedures. Thus, the plaintiff also has no claim under § 1681e(b).

7

A "reasonable reinvestigation" claim under § 1681i requires the plaintiff to allege facts showing:

> (1) the consumer report in dispute contains inaccurate or incomplete information; (2) the plaintiff notified the [credit reporting agency or CRA] of the alleged inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) the CRA failed to respond or conduct a reasonable reinvestigation of the disputed items; and (5) the failure to reinvestigate caused the plaintiff to suffer out-of-pocket losses or intangible damages such as humiliation or mental distress.

Parker v. Certified Profile, LLC, No. 7:14-CV-37-BO, 2014 WL 3534129, at *2 (E.D.N.C. July 16, 2014) (citing Lazarre v. JPMorgan Chase Bank, N.A., 780 F. Supp. 2d 1320, 1329 (S.D. Fla. 2011)). The plaintiff's allegations demonstrate that Experian did follow the required reinvestigation procedures as to the disputed account information. The pleadings show that the plaintiff disputed the Bank of America, Comenity Bank/Express, and Taleris Credit Union accounts with Experian, and that, as required by § 1681i(b), Experian notified the plaintiff that those furnishers confirmed the accuracy of the disputed accounts. Further, the pleadings demonstrate that the plaintiff did not pursue the next available remedy of filing a statement of dispute with Experian pursuant to § 1681i(b). Thus, even liberally construing the pro se complaint, the plaintiff also does not have a claim under § 1681i(b).

2. WVCCPA Claim

The next argument in Experian's motion to dismiss is that the plaintiff failed to state a claim under the WVCCPA because the

8

statute does not apply to Experian. Specifically, Experian argues that the WVCCPA applies to debt collectors and that Experian does not engage in debt collection. In his response, the plaintiff does not dispute that Experian does not engage in debt collection.

The plaintiff states WVCCPA claims under both West Virginia Code §§ 46A-2-124 and 46A-2-127. Section 46A-2-124 prohibits debt collectors from "collect[ing] or attempt[ing] to collect any money alleged to be due and owing by means of any threat, coercion or attempt to coerce." W. Va. Code § 46A-2-124. Section 46A-2-127 prohibits debt collectors from "us[ing] any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers." Id. § 46A-2-127. Further, the WVCCPA defines a debt collector as "any person or organization engaging directly in debt collection." Id. § 46A-2-122(d). The WVCCPA defines debt collection as "any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due by a consumer." Id. § 46A-2-122(c).

The plaintiff does not allege any facts supporting that Experian is a debt collector or engaged in debt collection practices. Further, in the plaintiff's reply, he did not dispute Experian's assertion that the WVCCPA does not apply to it because it is not a debt collector. Thus, the plaintiff has failed to

state a claim under either § 46A-2-124 or § 46A-2-127 of the WVCCPA.

　　3.　Defamation Claim

Experian next argues that § 1681h(e) of the FCRA preempts the plaintiff's state law defamation claim. The plaintiff did not reply to Experian's argument on the defamation claim. Section 1681h(e) provides:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . based on information disclosed pursuant to [§§ 1681g, 1681h, or 1681m of the FCRA] . . . except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). In other words, § 1681h(e) provides a "general bar on defamation" actions and "[t]he only exception to this bar is a narrow one, requiring proof of 'malice or willful intent to injure [the] consumer.'" Ross v. F.D.I.C., 625 F.3d 808, 814 (4th Cir. 2010) (quoting 15 U.S.C. § 1681h(e)).

In West Virginia, malice requires both "a deliberate intent to injure" and "an intent to injure through the publication of false or misleading defamatory statements known by the publisher or its agents to be false, or an intent to injure through publication of such defamatory statements with reckless and willful disregard for their truth." Sprouse v. Clay Commc'ns, Inc., 211 S.E.2d 674, 681-82 (W. Va. 1975).

10

Here, the general bar on defamation claims applies because the disputed information was disclosed pursuant to the sections of the FCRA governing the disclosure of information by CRAs, §§ 1681g and 1681h. Experian disclosed the plaintiff's consumer report to him on September 23, 2015, and the plaintiff alleges that report contained the inaccurate account information. The malice exception to the general bar does not apply because the plaintiff alleges no facts that could constitute a reckless disregard for false information in the plaintiff's consumer report or an intent to injure the plaintiff with false information in his consumer report. Thus, the plaintiff's defamation claim is barred by § 1681h(e) of the FCRA.

    4.   Contract Claim

Although the plaintiff did not plead a breach of contract claim, he did suggest such a claim in his jurisdictional allegations. Experian responds to the allegation as though it was a claim. A breach of contract claim requires the plaintiff to allege facts supporting "the existence of a valid, enforceable contract; that the plaintiff has performed under the contract; that the defendant has breached or violated its duties or obligations under the contract; and that the plaintiff has been injured as a result." Exec. Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc., 681 F. Supp. 2d 694, 714 (S.D. W. Va. 2009). The plaintiff never alleges facts supporting any of the breach of contract

elements, including the existence of a valid, enforceable contract. Thus, the plaintiff fails to state a breach of contract claim.

5. Sanctions

In his response to Experian's motion to dismiss, the plaintiff asks this Court to impose sanctions on Experian's counsel. The plaintiff does not state any basis for sanctions nor does this Court otherwise find any basis for sanctions. Accordingly, this Court denies the plaintiff's request for sanctions against Experian's counsel.

B. Bank of America's Motion to Dismiss

1. FCRA Claims

In its motion to dismiss, Bank of America, like Experian, argues that 15 U.S.C. § 1681s-2(a) of the FCRA does not provide a private cause of action and that the plaintiff did not state a claim against Bank of America under any other section of the FCRA. As previously stated regarding the same claim against Experian, Bank of America is correct that there is no private right of action under § 1681s-2(a). See Saunders, 526 F.3d at 149 (noting that this section of the FCRA "explicitly" bars private suits).

The plaintiff does not allege any other section of the FCRA as a cause of action. Nonetheless, Bank of America argues that the plaintiff has also failed to state a claim under § 1681s-2(b) to the extent he alleges facts supporting a claim under that section. A claim under § 1681s-2(b) requires the plaintiff to establish "(1)

12

that he or she notified the consumer agency of the disputed information, (2) that the consumer reporting agency notified the defendant furnisher of the dispute, and (3) that the furnisher then failed to [reasonably] investigate and modify the inaccurate information." Alston v. Wells Fargo Bank, N.A., No. 8:12-cv-03671-AW, 2013 WL 4507607, at *3 (D. Md. Aug. 22, 2013) (quoting Ausar-El v. Barclay Bank Del., No. PJM-12-0082, 2012 WL 3137151, at *3 (D. Md. July 31, 2012)). Here, the plaintiff did not allege that Experian notified Bank of America of the dispute or that Bank of America failed to reasonably investigate and modify the inaccurate information. Thus, the plaintiff has also failed to state a claim under § 1681s-2(b).

2. WVCCPA Claim

Bank of America further argues that § 1681t(b)(1)(F) of the FCRA preempts both WVCCPA claims, under West Virginia Code §§ 46A-2-124 and 46A-2-127. Section 1681t(b)(1)(F) provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. § 1681t(b)(1)(F). The plaintiff alleges that Bank of America inaccurately reported his credit information to Experian, which is conduct regulated by

§ 1681s-2. Thus, the WVCCPA claims are preempted by § 1681t(b)(1)(F).

Additionally, both alleged sections of the WVCCPA regulate debt collection practices. The plaintiff does not allege any facts supporting a claim that Bank of America attempted to collect the alleged debt from him. Thus, even if the claim was not preempted by the FCRA, the plaintiff still fails to state a claim under either alleged section of the WVCCPA.

3. Defamation Claim

Bank of America next argues that § 1681h(e) of the FCRA preempts the plaintiff's defamation claim. Bank of America's argument is correct for the same reasons stated above in the discussion of Experian's motion to dismiss. Section 1681h(e) prevents individuals from bringing defamation claims unless the individual also alleges that there was malice or willful intent to injure. The plaintiff does not state any facts to alleging malice or a willful intent to injure. Thus, the FCRA preemption provision applies, and the plaintiff has failed to state a defamation claim.

4. Contract Claim

Like Experian, Bank of America also argues that, to the extent the plaintiff has alleged a breach of contract claim, the claim fails because the plaintiff did not allege the existence of a valid, enforceable contract. This Court agrees with Bank of America that the plaintiff did not allege that there was a valid,

14

enforceable contract between him and Bank of America. Thus, the plaintiff has failed to state a claim for breach of contract.

5.  Sanctions

The plaintiff asks this Court to impose sanctions on Bank of America's counsel as well. Like with the request for sanctions against Experian's counsel, the plaintiff does not state any basis for sanctions nor does this Court otherwise find any basis for sanctions. Accordingly, this Court denies the plaintiff's request for sanctions against Bank of America's counsel.

## IV.  Conclusion

For the reasons stated above, defendant Experian's motion to dismiss (ECF No. 19) is GRANTED as to defendant Experian, and defendant Bank of America's motion to dismiss (ECF No. 36) is GRANTED as to defendant Bank of America.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 19, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE