IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JUAN SANDERS,

    Plaintiff,

v.                                      Civil Action No. 1:16CV78
                                                         (STAMP)
NCO FIN/99,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
DISMISSING CASE WITH PREJUDICE**

I.   Background

The pro se[1] plaintiff initiated this action against Experian, Trans Union, Bank of America, NCO Fin/99, Asset Acceptance LLC, and Comenity Bank/Express in the Circuit Court of Preston County, West Virginia, on April 8, 2016. On May 4, 2016, Trans Union filed a notice of removal to this Court, to which the other defendants consented and joined. The plaintiff asserted claims under the Fair Credit Reporting Act, the West Virginia Consumer Credit and Protection Act, and West Virginia defamation and contract law. The claims are based on the plaintiff's allegations that Experian reported on his consumer reports late payments or debts on accounts with Bank of America, NCO Fin/99, Comenity Bank/Express, and Taleris Credit Union, for all of which he alleged he was not

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

responsible.  The plaintiff claimed that he had disputed the accounts with Experian, and Experian informed him that all of the entities confirmed the accuracy of the accounts.  The plaintiff alleged that, as a result of the defendants' actions, his credit rating has been negatively affected, he was prevented from co-signing on his son's loans, and he has suffered financial damages, damage to his credit reputation, and various forms of emotional and mental distress.  The claims against Trans Union, Asset Acceptance, Bank of America, Comenity Bank/Express, and Experian have already been dismissed.  NCO Fin/99 is the only remaining defendant.

On December 2, 2016, the undersigned judge entered an order of referral to United States Magistrate Judge Michael John Aloi for all non-dispositive pretrial motions excluding motions in limine.  ECF No. 75.  On January 18, 2017, NCO Fin/99 filed its Second Motion Compel Complete Discovery Responses (ECF No. 80), which came before the magistrate judge pursuant to the order of referral.  The magistrate judge held a status conference on February 9, 2017, during which NCO Fin/99 represented to the Court that it had taken action to remove the item at issue on the plaintiff's credit report in 2013.  At the time of the status conference, the plaintiff had not yet received an updated credit report and was thus unable to confirm that the item had been removed.  Accordingly, a second status conference was scheduled for March 24, 2017.

At the March 24, 2017 status conference, the plaintiff advised the Court that he had received his updated credit report and the item at issue had been removed, which resolved the complaint. The plaintiff then inquired as to whether he could be awarded attorney's fees. However, the plaintiff is pro se and, thus, has not incurred any attorney's fees. The plaintiff also advised the Court that he had not been required to pay any fees to file his case in the Circuit Court of Preston County, West Virginia. The magistrate judge found that the only expenses incurred by the plaintiff in this civil action are de minimis postage and paper costs and, thus, that the plaintiff has no attorney's fees.

Lastly, the plaintiff represented at the status conference that he was satisfied with the outcome of his case and was agreeable to dismissing this civil action. NCO Fin/99 had no objection to the dismissal of the civil action. Thus, pursuant to the order of referral for non-dispositive pretrial motions, the magistrate judge denied as moot NCO Fin/99's Second Motion to Compel Complete Discovery Responses. Additionally, the magistrate judge recommended that this case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

For the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation dismissing this civil action with prejudice.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

## III. Discussion

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The undersigned judge agrees with the magistrate judge's recommendation that dismissal by court order is proper in this case based on the plaintiff's voluntary dismissal and NCO Fin/99's representation that it has no objection to the dismissal.

The pro se plaintiff accepted service of the magistrate judge's report and recommendation on March 27, 2017. The report and recommendation notified the parties that they had fourteen days

4

after being served with a copy of the report and recommendation to file any written objections with the Clerk of the Court.  The Court has received no objections from either the pro se plaintiff or NCO Fin/99.  Accordingly, the magistrate judge's recommendation that the case be dismissed with prejudice is adopted.  Additionally, given the plaintiff's voluntary dismissal and NCO Fin/99's lack of objection, the magistrate judge did not abuse his discretion in denying as moot the Second Motion to Compel Complete Discovery Responses.

## IV.  Conclusion

Based on the analysis above, this Court AFFIRMS and ADOPTS the magistrate judge's report and recommendation (ECF No. 90) that this civil action be dismissed with prejudice pursuant to Rule 41(a)(2).  Therefore, this civil action is hereby DISMISSED WITH PREJUDICE pursuant to Rule 41(a)(2).  It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights.  Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.  See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d

841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985). Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order by certified mail to the pro se plaintiff and to counsel of record herein.

DATED:    May 1, 2017

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE